UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CURTIS ORR,

                        Plaintiff,

     v.                                       9:14-CV-1134
                                                      (GLS/DEP)

THOMAS RICKS, et al.,

                        Defendants.

---

APPEARANCES:

CURTIS ORR
#446262
Plaintiff, pro se
CNYPC
P.O. Box 300
Marcy, NY 13403

GARY L. SHARPE
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a pro se complaint filed by plaintiff Curtis Orr pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff, who is civilly confined at the Central New York Psychiatric Center ("CNYPC"), has also filed a motion to proceed with this action in forma pauperis. Dkt. No. 2 ("IFP Application").

**II.   DISCUSSION**

    **A.    IFP APPLICATION**

Upon review of plaintiff's IFP Application (Dkt. No. 2), the Court finds that plaintiff has

demonstrated economic need. As a result, the Court grants plaintiff's IFP Application.[1]

### B.     Initial Screening

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, the Court must determine whether plaintiff may properly maintain his complaint before permitting him to proceed. Although a court has the duty to show liberality towards pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), a court also has the responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis. "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241 (TJM/RFT), 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To determine whether an

---

[1] Plaintiff submitted an Authorization Form. Dkt. No. 3. Because plaintiff is not a prisoner, the Court will disregard the Authorization Form as it is not required for a civilian detainee.

action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325.

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

### C. Sufficiency of the Complaint

In his complaint, plaintiff asserts claims arising out of his civil confinement at CNYPC in 2013. *See generally* Compl. Named as defendants are Thomas Ricks and Rodney James, whom plaintiff identifies as residents of CNYPC, and Vera Solovieva, the Facility Psychologist for CNYPC. *Id*. at 1-3. The following facts are set forth as alleged by plaintiff in his complaint. Beginning on November 19, 2013, defendant Ricks began sexually and verbally harassing plaintiff and requesting sexual favors. *Id*. at 5-11. Plaintiff complained to staff at CNYPC about the harassment, but nothing was done to stop it. *Id*. at 7. Plaintiff contacted defendant Solovieva in writing, explaining that he "was emotionally stressed and mentally unstable due to repeatedly being sexually harassed and verbally disrespected" by

3

defendant Ricks, but plaintiff received no response. *Id*. at 8. Plaintiff contacted defendant Solovieva several more times about Ricks' misconduct, but she never responded, "leaving plaintiff to deal with the sexual harrassment" on his own. *Id*.

Beginning on November 23, 2013, defendant James also began sexually harassing plaintiff, exposing himself to plaintiff, and requesting sexual favors. *Id*. at 9-15. Plaintiff asked to speak to defendant Solovieva but was told that she "did not want to speak to [him] unless he agreed to be placed on a 5-point restraint bed," which was used for residents "who are unmanageable," even though plaintiff "had done nothing wrong." *Id*. at 10. Because plaintiff refused, he was not allowed to speak to defendant Solovieva. *Id*. On June 27, 2014, defendant James accused plaintiff of having sex with him, and with other residents. *Id*. at 14-15. Because plaintiff would not accept responsibility for allegedly engaging in inappropriate sexual activities with defendant James, plaintiff's treatment team members "demote[d]" plaintiff "based solely" on James' statements, which were "hearsay." *Id*. at 15.

Construed liberally, plaintiff alleges that defendants Ricks and James verbally and sexually harassed plaintiff and defendant Solovieva failed to protect him from the harassment. Plaintiff seeks monetary damages and declaratory relief. For a more complete statement of his claims, refer to the complaint.

### 1. Defendants Ricks and James

Plaintiff's claims against Rick and James, that they verbally, sexually harassed him, fail for two reasons.

First, plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537,

573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). As a threshold requirement for Section 1983 actions, plaintiff must show that the defendant was a state actor. *See* 42 U.S.C. § 1983. Since it is the duty of the plaintiff to allege state action, a court may dismiss an action where a plaintiff fails to plead such a nexus. *See, e.g., Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous pro se complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds*, 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, at *4 (E.D.N.Y. May 6, 1988) (same). Here, plaintiff does not allege that Ricks or James are state actors. To the contrary, plaintiff states that Ricks and James, like himself, are residents of CNYPC. Compl. at 1-2.

Second, even if plaintiff could allege that either Ricks or James acted under color of state law, plaintiff does not allege that either defendant deprived plaintiff of a constitutional right. Even accepting plaintiff's allegations as true, that defendants Ricks and James subjected him to a pattern of sexual and verbal harassment, these allegations fail to state a cognizable constitutional claim. *See Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) (summary order) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)); *see also Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) ("[V]erbal intimidation does not rise to the level of a constitutional violation."); *Aziz Zarif Shabazz v. Pico*, 994 F.

5

Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional or reprehensible it might seem, does not constitute the violation of any federally protected right . . . .") (internal quotation marks omitted). *See also, e.g., Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that staff member asked plaintiff to have sex with her and to masturbate in front of her and other staff members "do not state a claim for sexual harassment in violation of the Eighth Amendment to the United States Constitution."); *Jones v. Harris*, No. 08-CV-4003, 2009 WL 3425640, at *2, 8 (S.D.N.Y. Oct. 13, 2009) (allegation that corrections officer requested sexual favors is insufficient to state constitutional claim).

Accordingly, plaintiff's Section 1983 claims against defendants Ricks and James are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### 2. Defendant Solovieva

The essence of plaintiff's claim against defendant Solovieva, a psychologist, is that she failed to take "appropriate measures" to protect him from the verbal sexual harassment that he was receiving from other patients after it was called to her attention. Compl. at 8, 10, 17. An involuntarily civilly-committed plaintiff's failure to protect claims are analyzed under the Fourteenth Amendment. *See Brooks v. Brennan*, No. 9:12-CV-0624 (NAM/CFH), 2014 WL 6975370, at *9 (N.D.N.Y. Dec. 9, 2014). However, "[c]laims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009); *see also McChesney v. Hogan*, 9:08-CV-0563 (NAM/DEP), 2010 WL 3613806, at *5 (N.D.N.Y. Aug. 11, 2010)

(concluding that the deliberate indifference standard "best accommodates the constitutional concerns implicated in connection with section 1983 claims brought by involuntarily committed mental patients based on alleged failures to protect them in violation of their substantive due process rights"); *Parks v. City of New York*, 04 Civ. 2490, 2006 WL 944659, at *5 (S.D.N.Y. Apr. 11, 2006) (citation omitted) ("Failure-to-protect claims are treated as challenges to conditions of confinement and, accordingly, [the] plaintiff must demonstrate deliberate indifference."). The deliberate indifference analysis requires the plaintiff to demonstrate that the defendant was (1) aware of a substantial risk of harm and (2) that he or she was deliberately indifferent to that harm. The plaintiff must show that the deprivation was "sufficiently serious" and that the defendant had a culpable state of mind. *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A plaintiff meets his or her burden of alleging a sufficiently serious deprivation where he or she alleges that the deprivation posed a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. The second prong, or the "deliberate indifference" prong, requires a showing that the defendant knew of and disregarded an excessive risk to the plaintiff's health or safety by failing to take reasonable measures to avoid the harm. *Id*.

Here, plaintiff meets neither prong of the deliberate indifference analysis. Verbal threats and harassment, even of a sexual nature, do not without more suggest that plaintiff was facing a substantial risk of harm. Moreover, even if plaintiff could allege facts to plausibly suggest that defendant Solovieva knew that plaintiff faced a substantial risk of harm, plaintiff has alleged no facts to plausibly suggest that defendant Solovieva evinced the requisite state of mind, i.e. deliberate indifference, when she allegedly failed to act on plaintiff's complaints that he was being verbally harassed by other patients.

Accordingly, plaintiff's Fourteenth Amendment failure-to-protect claim against defendant Solovieva is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### D.   Opportunity to Amend

Based upon the foregoing, the Court finds that the complaint fails to state one or more claims against the defendants upon which relief may be granted by this Court. As a result, the complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B).

In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Any amended complaint that plaintiff submits in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals engaged in acts of misconduct or wrongdoing which violated his constitutional or statutory rights. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.

Plaintiff is advised that his failure to file an amended complaint within thirty (30) days of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that plaintiff's claims are **DISMISSED** in their entirety pursuant to 28

U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must, **within thirty (30) days** from the filing date of this Decision and Order file amended complaint as set forth above; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice without further order of this Court** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:   January 21, 2015
        Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court